JONES, Justice:
This case comes from the Chancery Court of Neshoba County and involves two decrees of that court. We are affirming as to one decree and reversing and entering judgment here as to the other.
On June 3, 1971, said court entered a decree divorcing the parties, awarding custody of the children to the wife, fixing alimony, and allowing support money. It was ordered that appellant pay to the appellee $150 per month as alimony, $200 per month as support money for the children, attorneys’ fees of $175 and $125, with the wife to have the use and benefit of the home and the furniture and the household effects therein. She also was declared to be the owner of the Pontiac automobile and was granted the ownership of a pickup truck. It was further ordered that the appellant pay the following accounts :
Collins TV Service $ 30.00
Vertice Bozeman 100.00
Dr. J. M. Blount, Jr. 99.00
Herbert's, Inc. 29.35
Dr. E. C. Walsh 18.00
Hicks & Hays Garage 8.35
Dr. Billy Gene Molpus 119.00
McKee's Grocery 556.72
Dees Store 31.82
Also, he was ordered to pay the sum of $139.76 for the repair of the Pontiac automobile, $64.00 for necessary repairs of the bathroom of the home, the payments on the home mortgage, telephone, television cable service, and the utilities, including water, gas, sewer and electricity.
On August 13, 1971, the appellant filed a petition with said court seeking to have the decree as to the alimony and other payments modified. He showed that the payment of $150 to his wife as alimony and $200 for support of the children, when added to the utility bill of $40 and the house payment of $75, totaled $465 per month without reference to the accounts he was required to pay. The original decree fixed no time for the payment of said accounts. The husband showed that he only earned $550 per month which was his sole income, leaving, after payment of said monthly amounts, only $85 per month for his personal living expenses. A hearing was held on this petition to modify and the chancellor denied. any relief finding that there had been no change in the circumstances of the parties since the decree was entered.
We can do nothing about this decree unless we should hold that the chancellor was manifestly wrong, and we find nothing in the record on which to base such a finding. Therefore the denying of the petition for modification is affirmed.
On July 20, 1971, there was filed in the said court a petition by the appellee seeking to have her ex-husband adjudged in contempt of court. The petition admitted that although late the respondent had paid the alimony and child support in accordance with said decree. Complaint was made that he had not paid the open accounts directed to be paid by him, although the decree fixed no date for their payment. Appellant answered this petition alleging:
The defendant earns only $550.00 per month, this being his sole and only income, and he has no savings. The defendant is required to pay $162.00 per month to the Peoples Bank of Mississippi for five years. He is due to pay the Citizens Bank of Philadelphia the sum of $700.00 in October of 1971. He is re *915 quired to pay $40.00 for telephone bills the petitioner made for long distance calls and the sum of $10.00 per month to Mars Brothers because of the debts made by petitioner and the sum of $145.-00 to the Western Auto Store for debts made by petitioner. The defendant is required by the decree to pay $150.00 per month to petitioner as alimony, $200.00 per month support for children, $40.00 per month utilities, and $75,00 per month house payments. This totaled $465.00, and when this is subtracted from the $550.00 per month he earns, he only has $85.00 left. The defendant has many expenses besides his debts. He is required to pay $25.00 per month for clothes, $100.00 per month for his personal food, $40.00 per month for gasoline, $62.00 per month for rent, $5.00 per month for telephone, and $25.00 per month for personal items, and he also has other personal expenses.
A hearing was had on this petition to cite for contempt and the proof was in accordance with the allegations of the respondent’s pleadings. On August 24, 1971, a decree was entered in the contempt proceedings, and, among other things, said decree provided:
And the court after having considered the pleadings and heard the testimony finds and adjudicates that the defendant and respondent, Bobby Vernon Davis, did by virtue of a Decree rendered in this cause, on the 3rd day of June, 1971, assume the obligations to pay to Dr. J. M. Blount, Jr., $99.00; Herberts, Inc., $29.35; Dr. E. C. Walsh, $18.00; Dr. Billy Gene Molpus, $119.00; McKee’s IGA, $556.72; Dees Department Store, $31.82; and Bud Jones Repair Shop, $139.76; and the court having heard the testimony finds that he has paid the sum of $50.00 to McKee’s IGA Grocery Store and the sum of $139.76 to Bud Jones Garage, but that he has failed to pay the remainder of said accounts which is a total indebtedness of $803.99; the court further finds that the said Bobby Vernon Davis is not to be held in contempt of this court provided that he shall pay the sum of $85.00 which shall apply to each of said accounts until the same shall have been paid and in the event he shall fail or refuse to pay $85.00 each month on the liquidation of said debts then this court holds that he shall be in contempt and may be dealt with for said contempt as the court may direct.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Bobby Vernon Davis is ordered and directed to pay on or before the 3rd day of September the sum of $85.00 on the following named indebtedness which he is hereby ordered and directed to pay:
Dr. J. M. Blount, Jr. $ 99.00
Herbert's, Inc. 29.35
Dr. E. C. Walsi, Forest, Miss. 18.00
Dr. Billy Gene Molpus 119.00
McKee's IGA Grocery 506.72
Dees Department Store 31.82
Said indebtednesses totaling the sum of $803.99, and said $85.00 monthly payment shall be paid on said debts on or before the 3rd day of each calendar month beginning September 3, 1971, until all of said debts shall be fully paid and liquidated, said payment shall be made to each creditor in the proportion that his debt shall be to the sum of $85.00 available to be paid on said debts and in the event the said Bobby Vernon Davis shall fail and refuse to make said payments as herein set forth then he shall be held in contempt of this court and may be dealt with as the court may direct. The Respondent is taxed with the costs.
The proof that the husband only earned $550.00 per month was not contradicted. Certainly with an income of $550.-00, $465.00 of which was ordered to be paid monthly, leaving the husband only $85.00 a month on which to live and then to require the $85.00 to be applied to the accounts mentioned (leaving the husband nothing on which to live) is not equitable. *916 A man would have to be a financial genius or a magician to comply with this decree. He could not be found guilty of contempt under these circumstances, and the court undertakes to find him guilty of contempt prior to proof that he had willfully violated the provisions of the decree of August 24.
We are reversing the case insofar as said contempt decree is concerned and dismissing the petition. We do not see how he could be held in contempt under these facts.
Affirmed as to the decree declining modification of original decree: Reversed on the issue of contempt and the petition for the citation of respondent for contempt is dismissed.
RODGERS, P. J., and INZER, ROBERTSON and BROOM, J J., concur.